UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CORNELIUS DOUGLAS, JR.,** | ) | **CASE NO. 1:12 CV 1145** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CITY OF CLEVELAND,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**:

*Pro se* Plaintiff Cornelius Douglas, Jr. filed the above-captioned action under 42 U.S.C. § 1983 against the City of Cleveland and the Cleveland Police Division. In the Complaint, Plaintiff alleges Defendants failed to investigate an alleged auto accident involving City of Cleveland police officer Andre Douglas. He also alleges Defendant City of Cleveland improperly sold his property to a developer. Plaintiff seeks monetary relief.

Plaintiff also filed a Motion to proceed *in forma pauperis* (Doc. 2). That motion is granted.

**I. BACKGROUND**

Plaintiff alleges he is an African American male and the owner of property located at

3427 East 142nd Street in Cleveland, Ohio. (Doc. 4 at 2). His Amended Complaint[1] is somewhat disjointed, but appears to set forth two distinct claims.

Plaintiff first alleges that Andre Douglas is an "Officer of the law in the City of Cleveland" who is "licensed to investigate crimes in the State of Ohio." (Doc. 4 at 3). He asserts Officer Douglas "failed to investigate and properly report his own auto accident that happen [sic] [ . . ] on July 4, 2011 at the intersection of South Moreland and Livingston in front of a house located at 3A29 [sic] South Moreland Road Cleveland, Ohio." (Doc. 4 at 3). Plaintiff claims Officer Douglas was intoxicated at the time of this accident and left the scene because he "was so drunk he could not pass a breathalyzer test." (Doc. 4 at 3). He maintains that 10 to 20 policemen are involved in the cover up of the facts relating to this accident. Plaintiff also asserts that "Andre Douglas worked against plaintiff and with others working with an enemy, especially an occupying force." (Doc. 4 at 3).

Plaintiff next claims the Defendant City of Cleveland "developed a deceptive plan in selling parts of the 600 plus acres of land owned by Plaintiff and the people of Cleveland located in the Figgie Master Development Plan." (Doc. 4 at 3). Plaintiff does not explain the nature of the Defendant's allegedly deceptive plan, or the location or ownership of the 600 acres of land at issue. He does, however, attach 126 pages of exhibits to his Complaint, some of which relate to

---

[1]  Plaintiff filed his initial Complaint on May 9, 2012. (Doc. 1). On July 20, 2012, he filed a "First Amended Complaint," which includes the claim set forth in the original Complaint and adds an additional claim. (Doc. 4). The Court deems plaintiff's Amended Complaint to have superceded his original Complaint. *See B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) (stating that "a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'")(quoting *Drake v. City of Detroit*, 2008 WL 482283 at * 2 (6th Cir. Feb. 21, 2008)); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint").

a "Master Development Agreement" entered into between the City of Cleveland and developer Figgie International, Inc. in 1989. (Doc. 4-1 at 1-42). Also attached to the Complaint are a number of documents whose relation to the instant case are unclear, including (1) documents pertaining to the apparent conveyance of property from the City of Cleveland to "Chagrin Highlands, Ltd." in 2001 and 2002 (Docs. 4-2, 4-4); (2) a mortgage agreement between Red Robin International, Inc. and Wells Fargo Bank (Doc. 4-3); (3) documents pertaining to the conveyance of property from the City of Cleveland to University Hospitals Health Systems, Inc. (Doc. 4-6 at 5-24); and (4) various *pro se* legal filings by Plaintiff in the Cuyahoga County Board of Revisions (Docs. 4-8, 4-9). Without discussing the relevance of any of these attachments, Plaintiff claims generally that Defendant City of Cleveland (and its past and current Mayors) "are not the representatives of the people" and, further, that "[t]he Mayor did not give the people notice or a hearing to propose the sale of the property." (Doc. No. 4 at 6).

Plaintiff seeks damages for lost pay, loss of reputation, mental and emotional pain and anguish, "loss of a peaceful home," and legal fees and costs. (Doc. No. 4 at 6).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v.*

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. ANALYSIS

**A.      Defendant Cleveland Police Division**

As an initial matter, the Court finds the Cleveland Police Division is not a proper defendant in the instant action. It is well-established that police departments "are not *sui juris* and, therefore, cannot sue or be sued. They are merely sub-units of the municipalities they serve." *Deir v. Lake County*, 2012 WL 1142467 (N.D.Ohio April 4, 2012) (citing *Jones v. Ptl.*

*D. Marcum*, 2002 WL 786572 (S.D. Ohio March 11, 2002)); *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D. Ohio 2000); *Lathan v. City of Cleveland,* 2012 WL 1708762 at * 2 (N.D. Ohio May 15, 2012); *Hicks v. City of Barberton*, 2011 WL 3022089 at * 2 (N.D. Ohio July 22, 2011).

Accordingly, and in light of the above, the claims against Defendant Cleveland Police Division are construed against Defendant City of Cleveland.

### B. Section 1983 Claims

Plaintiff states that he is bringing this action under 42 U.S.C. § 1983. To establish a claim under § 1983, Plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140.

Plaintiff alleges Defendant City of Cleveland violated his civil rights by (1) failing to investigate and report Andre Douglas's alleged auto accident; and (2) selling property owned by Plaintiff as part of the "Figgie Master Development Plan." The Court will address each of these claims in turn.

#### 1. Failure to Investigate and Report Auto Accident

Plaintiff's first claim arises from an alleged auto accident that occurred on July 4, 2011. Plaintiff asserts that Andre Douglas (who Plaintiff claims is a City of Cleveland Police Officer)

failed to investigate and properly report "his own auto accident" that allegedly occurred at the intersection of South Moreland and Livingston Roads in Cleveland, Ohio. (Doc. 4 at 3).  He claims Mr. Douglas left the scene of the accident because he was intoxicated and, further, that "there has to be 10 to 20 policemen involved in the cover up of the facts." (Doc. 4 at 3).  He alleges generally that "Defendants acted by working together in collusion with one or more people in order to achieve violating Plaintiff's rights." (Doc. 4 at 3).  Finally, Plaintiff maintains that Defendant violated his civil rights by "not promptly investigating claims filed by African Americans, while making a prompt investigation for white or other individuals, despite having official policies and procedures to investigate unusual occurrences for effecting all citizens." (Doc. 4 at 1).   For the following reasons, the Court finds Plaintiff has failed to establish standing to assert this claim.

In every federal case, the party bringing the action has the burden of establishing standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Federal courts must balance "the heavy obligation to exercise jurisdiction," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 820 (1976), against the "deeply rooted" commitment "not to pass on questions of constitutionality" unless adjudication of the constitutional issue is necessary. *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105 (1944).  Consistent with these principles, standing jurisprudence has two components: Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction."

*Allen v. Wright*, 468 U.S. 737, 751 (1984).

To meet the minimum constitutional standards for individual standing under Article III, a plaintiff must show that (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Smith v. Jefferson County Bd. of School Commissioners*, 641 F.3d 197, 206 (2011)(quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). The Supreme Court "repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to the law." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 482-83 (1982) (internal quotation marks omitted).

To meet the prudential requirements for standing, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge*, 454 U.S. at 474. Moreover, a plaintiff must present a claim that is "more than a generalized grievance." *City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007)(internal quotation marks omitted). Finally, the complaint must "fall within 'the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" *Valley Forge*, 454 U.S. at 475 (quoting *Ass'n. of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 153 (1970)).

In the instant case, Plaintiff has failed to demonstrate that he has suffered an "injury in fact" as a result of Andre Douglas' alleged auto accident. Plaintiff alleges only that Andre

Douglas failed to investigate and report "his own auto accident." (Doc. 4 at 3). Plaintiff does not allege, and it is not at all clear from the Complaint, that *Plaintiff* was involved in this accident in any way. He does not allege that Andre Douglas's auto accident involved a collision with Plaintiff's property or person, or that Plaintiff was in any way personally effected by this incident. While he appears to suggest his equal protection rights were violated because Defendant failed to "promptly investigat[e] claims filed by African Americans, while making a prompt investigation for white or other individuals," the Court finds this broad allegation does not satisfy the "injury in fact" requirement for establishing individual standing. Plaintiff's generalized assertion of alleged discrimination is vague, speculative, and conclusory. The Court finds the Complaint is therefore insufficient under Fed. R.Civ. P. 8 to demonstrate "injury in fact" based on the allegation that Defendant's failure to investigate the incident at issue was based on Plaintiff's race or that Defendant intentionally treated him differently than others who are similarly situated without any rational basis for the difference. *See Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 312 (6th Cir. 2005); *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

Accordingly, and for all the reasons set forth above, the Court finds Plaintiff has failed to satisfy his burden of demonstrating a "concrete and particularized" injury that is "actual and imminent, not conjectural or hypothetical." *Smith*, 461 F.3d at 206.[3]

---

[3] Plaintiff also cannot establish municipal taxpayer standing. In order to demonstrate taxpayer standing, Plaintiff must demonstrate that he was injured; that the challenged action caused his injury; and that the court could provide relief to redress that injury. *Smith,* 461 F.3d at 209. Municipal taxpayers may fulfill the injury requirement by pleading an alleged misuse of municipal funds. *Id*. at 210 (citing *Frothingham v. Mellon*, 262 U.S. 447, 486 (1923)). Here, Plaintiff does not allege that Defendant City of Cleveland's alleged failure to investigate Andre Douglas's auto accident, or failure to investigate claims filed by African Americans generally, constitutes a misuse

Moreover, even if Plaintiff did have standing, the Court would reject his claim. Courts have held that "there is no 'constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" *White v. City of Toledo*, 217 F.Supp.2d 838, 841 (N.D. Ohio 2002) (quoting *Doe v. Mayor and City Council of Pocomoke Cty*, 745 F.Supp. 1137, 1138 (D. Md. 1990)). *See also Gudenas v. Cervenik*, 2010 WL 987699 at * 9 (N.D. Ohio Feb. 22, 2010); *Woods v. Miamisburg City Schools*, 254 F.Supp. 2d 868, 873-74 (S.D. Ohio 2003); *Thompson v. Dodge D350 1986 et al.*, 2011 WL 2413108 at * 4 (W.D. Mich. June 14, 2011). Such "discretionary public duties . . . are enforced by public opinion, policy and the ballot," not litigation against individual officers and their civil employers. *White*, 217 F.Supp.2d at 841. *See also Fulson v. City of Columbus*, 801 F.Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act").

In light of the above, the Court finds Plaintiff's claim that Defendant City of Cleveland is liable for failing to investigate and file a police report, is without merit and fails to state a claim upon which relief may be granted. This claim is, therefore, dismissed pursuant to § 1915(e).

### 2. Alleged Sale of Property Belonging to Plaintiff

Plaintiff next claims Defendant City of Cleveland "developed a deceptive plan in selling parts of the 600 plus acres of land owned by Plaintiff and the people of Cleveland located in the Figgie Master Development Plan." (Doc. 4 at 3). Plaintiff does not explain the nature of the Defendant's allegedly deceptive plan, the location or ownership of the 600 acres of land at issue,

---

of municipal funds.

or any other information regarding the factual or legal basis of this claim.

Local governments may be sued under § 1983 only when the "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," inflicts the injury that forms the basis of the claim. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978). A municipality can therefore be held liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

The Complaint in the instant case does not clearly identify a custom, policy, ordinance, regulation or decision adopted by the Defendant's officers. Plaintiff does, however, attach to his Complaint a document entitled "The City Record," which contains a discussion of a "Master Development Agreement" entered into between the Defendant and Figgie International, Inc. in February 1989 for the sale of certain property. It is not entirely clear from the Complaint, but it appears Plaintiff may be objecting to unspecified aspects of this Agreement.

To the extent Plaintiff's claim is based on this Agreement, the Court finds it is barred by the statute of limitations. The Sixth Circuit has repeatedly held that Ohio's two year statute of limitations for personal injury actions applies to §1983 claims arising in Ohio. *See LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*); *Ashiegbu v. Kim*, 1998 WL 211796 (6th Cir., Apr. 24, 1998); *Fraley v. Ohio Gallia County*, 1998 WL 789385 at *1 (6th Cir., Oct. 30, 1998). While state law provides the statute of limitations to be applied in a § 1983 action, "federal law governs the question of when that limitations period begins to run." *Sevier v.*

*Turner*, 742 F.2d 262, 272 (6th Cir. 1984).

The "Master Development Agreement" attached to Plaintiff's Complaint is dated February 8, 1989. To the extent Plaintiff is asserting a claim arising from this agreement, it is clearly well beyond the two year statute of limitations and, therefore, subject to *sua sponte* dismissal under § 1915(e). *See, e.g., Fraley v. Ohio Gallia County*, 1998 WL 789385 (6th Cir., Oct. 30, 1998) (finding that "[w]here the complaint bears an affirmative defense such as the statute of limitations. . . a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate" ); *Ashiegbu v. Kim*, 1998 WL 211796 (6th Cir., Apr. 24, 1998), cert. denied, 525 U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua sponte* dismissal is appropriate where claim is barred by the statute of limitations).

Plaintiff also attaches to his Complaint a number of documents whose relation to the instant case is unclear, including (1) documents pertaining to the apparent conveyance of property from the City of Cleveland to "Chagrin Highlands, Ltd." in 2001 and 2002 (Docs. 4-2, 4-4); (2) a mortgage agreement between Red Robin International, Inc. and Wells Fargo Bank (Doc. 4-3); (3) documents pertaining to the conveyance of property from the City of Cleveland to University Hospitals Health Systems, Inc. (Doc. 4-6 at 5-24); and (4) various *pro se* legal filings by Plaintiff in the Cuyahoga County Board of Revisions (Docs. 4-8, 4-9). Plaintiff does not explain the factual or legal significance of any of these documents.

To the extent Plaintiff intends to assert claims based on these documents, any such claim is dismissed. Although pleadings filed by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949

(quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  As the Supreme Court further explained in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555).  It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*.  Indeed, while legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id*. at 1950.

Pursuant to *Iqbal*, the Court finds the Complaint in the instant case fails to contain sufficient factual matter "to state a claim for relief that is plausible on its face."  While Plaintiff alleges generally that Defendants engaged in a "deceptive plan" to sell his property, he does not plead any facts to support his allegations.  Even under the less stringent pleading standards afforded *pro se* litigants, the Complaint herein is wholly insufficient.

Accordingly, this claim is summarily dismissed pursuant to § 1915(e).

### IV.  VEXATIOUS LITIGATOR

The Court notes that, in addition to the instant case, Plaintiff has filed seven other lawsuits in this Court, each of which have been dismissed.  *See Douglas v. City of Cleveland*, Case No. 1:99CV3050 (N.D. Ohio Jan. 25, 2000) (dismissing the action under § 1915(e)); *Douglas v. Grabow*, Case No. 1:97CV142 (N.D. Ohio Apr. 28, 1997) (granting the Defendant's Motion to Dismiss); *Douglas v. Grabow*, Case No. 1:96CV1334 (N.D. Ohio Jan. 10, 1997) (granting the Defendant's Motion to Dismiss); *Douglas v. Fudge*, Case No. 1:02CV425 (N.D. Ohio Nov. 4, 2002) (granting Defendants' motions to dismiss and for summary judgment);

*Douglas v. Fudge*, Case No. 1:03CV554 (N.D. Ohio May 22, 2003) (dismissing the action under § 1915(e)); *Douglas v. City of Cleveland*, Case No. 1:11CV586 (N.D. Ohio May 8, 2011) (dismissing the action under § 1915(e)); *Douglas v. City of Warrensville Heights*, Case No. 1:11CV2245 (N.D. Ohio Jan. 10, 2012) (dismissing the action under § 1915(e)). Four of these lawsuits have been summarily dismissed under § 1915(e).

While the Court is very tolerant of legal filings from *pro se* litigants, its tolerance is not without limits. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessary encroaching on judicial machinery needed by others. *Id*. To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, 1995 WL 111480 (6th Cir. 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651 (a)). In light of Plaintiff's history of filing meritless federal lawsuits, this Court cautions Plaintiff that continued efforts to file patently frivolous complaints may result in sanctions being issued against him.

### V. CONCLUSION

Accordingly, for the reasons set forth above, this action is dismissed with prejudice pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

                                  s/ Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  UNITED STATES DISTRICT JUDGE

DATED: October 4, 2012

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."