UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CORNELIUS DOUGLAS, JR.,** | ) | **CASE NO. 1:12 CV 1145** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CITY OF CLEVELAND,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**:

This matter is before the Court upon *pro se* Plaintiff Cornelius Douglas, Jr.'s Motion for Reconsideration (Doc. 8). For the following reasons, Plaintiff's Motion is denied.

### I.  BACKGROUND

On July 20, 2012, Plaintiff filed an Amended Complaint under 42 U.S.C. § 1983 against the City of Cleveland and the Cleveland Police Division, alleging Defendants violated his constitutional rights when they (1) failed to investigate an alleged auto accident involving Cleveland Police Officer Andre Douglas, and (2) improperly sold his property to a developer. (Doc. 4).

Specifically, Plaintiff alleged that Officer Douglas "failed to investigate and properly

report his own auto accident that happen [sic] [ . . ] on July 4, 2011 at the intersection of South Moreland and Livingston in front of a house located at 3A29 [sic] South Moreland Road Cleveland, Ohio." (Doc. 4 at 3). Plaintiff claimed Officer Douglas was intoxicated at the time of this accident and left the scene because he "was so drunk he could not pass a breathalyzer test." (Doc. 4 at 3). He maintained that 10 to 20 policemen were involved in the cover up of the facts relating to this accident.

Plaintiff next claimed the Defendant City of Cleveland "developed a deceptive plan in selling parts of the 600 plus acres of land owned by Plaintiff and the people of Cleveland located in the Figgie Master Development Plan." (Doc. 4 at 3). The Complaint did not explain the nature of the Defendant's allegedly deceptive plan, or the location or ownership of the 600 acres of land at issue. Plaintiff did, however, attach 126 pages of exhibits to his Complaint. Without discussing the relevance of any of these attachments, Plaintiff claimed generally that Defendant City of Cleveland (and its past and current Mayors) "are not the representatives of the people" and, further, that "[t]he Mayor did not give the people notice or a hearing to propose the sale of the property." (Doc. No. 4 at 6).

On October 4, 2012, this Court issued a Memorandum of Opinion & Order dismissing the Amended Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 6). With respect to Plaintiff's claim regarding Officer Douglas' alleged failure to investigate and report "his own auto accident," the Court held that Plaintiff lacked standing to raise this claim. In addition, the Court found that, even if Plaintiff did have standing, this claim was without merit because "there is no 'constitutional, statutory or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" *White v. City of Toledo*, 217 F.Supp.2d 838, 841

(N.D. Ohio 2002) (quoting *Doe v. Mayor and City Council of Pocomoke Cty*, 745 F.Supp. 1137, 1138 (D. Md. 1990)). (Doc. 6 at 5-9).

With respect to Plaintiff's claim regarding Defendant City of Cleveland's allegedly deceptive plan to sell Plaintiff's property, the Court noted the vague and conclusory nature of Plaintiff's allegations and found the Complaint failed to contain sufficient factual matter "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court further noted that, to the extent Plaintiff's claim relied on a document attached to his Complaint relating to a 1989 "Master Development Agreement" between the City of Cleveland and Figgie International, Inc., that claim was barred by the two-year statute of limitations for § 1983 claims. *See, e.g., LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995); *Fraley v. Ohio Gallia County*, 1998 WL 789385 (6th Cir., Oct. 30, 1998) (finding that "[w]here the complaint bears an affirmative defense such as the statute of limitations. . . a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate" ); *Ashiegbu v. Kim*, 1998 WL 211796 (6th Cir., Apr. 24, 1998), *cert. denied*, 525 U.S. 857, 119 S.Ct. 138 (U.S. Oct. 5, 1998) (section 1915(e) *sua sponte* dismissal is appropriate where claim is barred by the statute of limitations). (Doc. 8 at 9-12).

Based on the above, the Court dismissed Plaintiff's action with prejudice pursuant to § 1915(e) and certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal could not be taken in good faith. (Doc. 7).

On November 28, 2012, Plaintiff filed a "Motion for Reconsideration." (Doc. 8). It is this Motion that is currently before the Court.

## II. ANALYSIS

The Federal Rules of Civil Procedure do not recognize a "Motion for Reconsideration" of a district court's Order of dismissal. As Plaintiff is proceeding *pro se*, the Court will liberally construe his motion as a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. Proc. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant

---

[1] Plaintiff's Motion was filed outside the 28 day time limit set forth in Rule 59(e). Plaintiff claims, however, that he failed to timely receive notice of the Court's Memorandum of Opinion & Order because of a delivery error on the part of the U.S. Postal Service. (Doc. 8 at 2). Given Plaintiff's *pro se* status, this Court will construe Plaintiff's Motion as timely filed and consider it on the merits.

or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810 -1, at 124 (2d ed. 1995).

In his Motion, Plaintiff argues that "this Court should take a reconsideration of what was raised within Plaintiff's Complaint without the distractions of all of the attached exhibits."(Doc. 8 at 3). He argues generally that, viewed without all the distracting exhibits, his claims are not frivolous and the Court should reinstate his case. Alternatively, he argues in conclusory fashion that the Court should find an appeal could be taken in good faith.

The Court rejects these arguments. Plaintiff does not identify any clear error of law, newly discovered evidence, or intervening change in controlling law that would warrant reconsideration under Rule 59(e). Moreover, Plaintiff has not established that reconsideration is necessary to prevent "manifest injustice." *Intera Corp.*, 428 F.3d at 620. Whether or not the Court considers the exhibits attached to the Complaint makes no difference to the Court's disposition of Plaintiff's claims. Plaintiff has offered no compelling argument to support his request that this Court reinstate his claims or find that an appeal could be taken in good faith.

### IV. CONCLUSION

Accordingly, and for all the reasons set forth above, Plaintiff's Motion for Reconsideration (Doc. 8) is denied.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: November 30, 2012